## Bowles, et al. v. Gillispie.

(Decided January 19, 1926.)

### Appeal from Lee Circuit Court.

Landlord and Tenant—Tenants Estopped to Deny Title of Landlord in Action to Quiet Title.—Tenants, under written contract for period of five years from May, 1923, were estopped to deny title.

of their landlord, notwithstanding evidence of adverse possession for period of more than 15 years before institution of action.

EZART ASHCRAFT for appellants.

H. L. WHEELER for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Mrs. Bowles, and her husband, Tom Bowles, commenced this equity action against appellees, James Gillispie and Rice Gillispie, in Lee circuit court, for judgment against them in the sum of $250.00 damages and for injunction preventing them and their employes from entering upon the lands described in the petition and destroying timber, corner trees and boundary lines, and from interfering with appellants in the use and occupation of the lands.

Appellees filed answer denying that appellants were the owners of the land described in the petition, and denying their right to hold and occupy the same. For counter claim the Gillispies averred that they were the owners and in the rightful possession of the lands in dispute, except a small portion which they averred they had let to appellants as tenants for the purposes of cultivation. Appellees further averred in their counterclaim that appellants were setting up some sort of claim to the lands by reason of a junior patent issued to appellant, Tom Bowles, and assigned by him to his wife, but that the junior patent was void. Further pleading appellees averred that they and their tenants had been in the open, continuous, actual, adverse possession of the land since 1851, and that they now hold and possess it; that it is the tract of land formerly known as the M. G. Mize boundary, having been patented to him. Appellees further pleaded that they had purchased the land contained in the Mize patent from heirs of M. G. Mize and had the deed therefor, and further that the Mize lands had been sold for taxes by the sheriff and appellees had purchased the same and received from the sheriff a deed therefor. Appellants, while having a junior patent for a part of the land covered by the Mize patent, relied chiefly upon adverse possession for title. They claimed and introduced evidence to prove that they had been in the open, actual, continuous, adverse possession of a part of the lands included in the Mize boundary since 1903, a period of more than fifteen years next before the institution of the action,

but appellees introduced a written contract signed by appellants whereby they leased from appellees the lands upon which they now reside and which they now claim, for a period of five or six years from May 29th, 1923. This written contract was signed by appellant, Mary Bowles, and Tom Bowles, and witnessed by Grant Mays and Mary L. Mays. There is no denial by appellants of the execution of the contract. In fact, it appears to be admitted. The lien contract covered a part of the land in dispute and all the land of the Mize patent in possession of appellant. Their counsel in brief says he does not understand how they came to sign the contract, but conjectures that they were inveigled into signing it by some plan or scheme laid and devised by appellees, but how, where and when he does not undertake to say. As tenants of the Gillispies appellants were estopped to deny the title of their landlord. Holton, et al. v. Jackson, 184 Ky. 559.

Without a sufficient pleading on the subject and proof to support an averment that the lease contract was obtained through fraud on the part of appellees, there was nothing the trial court could do but enter judgment for the Gillispies, defendants. As no error prejudicial to the substantial rights of appellants has been called to our attention by appellants' counsel, the judgment is affirmed.